**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SULTAN SINGH,<br>(A No. 201-431-398)<br><br>Petitioner,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>Respondents. | Case No. 1:26-cv-05516-JLT-CDB<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS IN PART; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Docs. 1, 2) |

## I. INTRODUCTION

Before the Court is Sultan Singh's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed an opposition to the TRO and the underlying petition, asserting that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b), a position this Court has repeatedly rejected.[1] (*Id.*) (Doc. 10 at 2.)

[1] Respondents argue in a passing footnote that Petitioner may be subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii), the Laken Riley Act, because he was arrested for and charged with Felony Hit and Run Accident Resulting Injury in violation of California Vehicle Code § 20001(a). (Doc. 10 at 1, n.1; Doc. 10-2 at 11-23.) Section 1226(c)(1)(E)(ii) mandates that DHS detain any alien who is a charged with, arrested for, or convicted of any crime that results in death or serious bodily injury to another person. 8 U.S.C. § 1226(c)(1)(E)(ii). Respondents note that, on the current record before the Court, "it is unknown if Petitioner's offense resulted in serious bodily injury, for instance, possibly broken bones or nerve damage." (Doc. 10 at 1, n.1.) The Court agrees, finding that it is unclear from the current record whether the factual circumstances surrounding Petitioner's charged conduct meet the enumerated statutory requirements of § 1226(c)(1)(E)(ii). *C.f. Kumar v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-03858-JLT-SAB, 2026 WL 1707711, at *2 (E.D. Cal. June 12, 2026) (holding that Petitioner charged with violating Cal. Vehicle Code section 20001(a) was properly detained subject to § 1226(c)(1)(E)(ii) after striking a child with his car causing serious injuries and admitting to leaving the scene). As such, the Court finds

Thus, for the foregoing reasons, the Court **GRANTS IN PART** the petition for writ of habeas corpus.

## II. FACTUAL BACKGROUND

Petitioner is from India and entered the United States without inspection at or near Otay Mesa, California, on or about January 4, 2019. (Doc. 1 at 6, ¶ 25; Doc. 10-1 at 6.) He was apprehended by U.S. Border Patrol the following day, processed for expedited removal, and referred for a credible fear interview. (*Id.*) On January 21, 2019, Petitioner claimed a credible fear of returning to India. (*Id.* at ¶ 26.) On or about March 1, 2019, USCIS confirmed that fear and referred his case to the immigration court. (*Id.*) Petitioner was initially detained at the Eloy Detention Center in Eloy, Arizona, where DHS made a custody determination under which Petitioner remained detained. (Doc. 1 at 7, ¶ 28.) After seeking a custody redetermination, Petitioner was released on bond on April 12, 2019. (*Id.*; Doc. 1-1 at 57-59, Exh. I.)

On July 16, 2019, Petitioner timely filed a Form I-589, Application for Asylum and for Withholding of Removal, seeking asylum, withholding of removal, and protection under the Convention Against Torture on the basis of political opinion. (Doc. 1 at 6, ¶ 27; Doc. 10-1 at 6.) On October 15, 2024, DHS moved to dismiss the removal proceeding. (Doc. 1 at 7, ¶ 32.) The Immigration Judge granted DHS's motion and terminated the proceedings without prejudice on October 17, 2024. (*Id.* at 8, ¶ 33; Doc. 1-1 at 11-14, Exh. B; Doc. 10-1 at 6.) On November 13, 2024, Petitioner filed an affirmative I-589 Asylum Application, which remains pending. (Doc. 1 at 8-9, ¶¶ 34-39; Doc. 1-1 at 16-26, Exh. C.)

On March 27, 2025, Petitioner was arrested by the Sunnyvale Department of Public Safety and arrested for a felony violation of California Vehicle Code § 20001(a), leaving the scene of an accident resulting in injury. (Doc. 1 at 12, ¶ 54.) Petitioner is alleged to have hit a man on a scooter with his vehicle without stopping. (Doc. 1-1 at 69.) Following the March 27, 2025 arrest, bail was set at $10,000.00 and Petitioner was released from criminal custody. (Doc. 1 at 12, ¶ 55, Exh. L.) On May 21, 2025, the Santa Clara County District Attorney executed a one-count felony complaint charging that offense, filed May 27, 2025, which remains pending.

---

that Petitioner's detention is governed by 8 U.S.C. § 1226(a).

(Doc. 1 at 12, ¶ 54; Doc. 1-1 at 89, Exh. M.) On or about June 16, 2026, Petitioner was arrested by ICE at his residence and taken into custody. (Doc. 1 at 9 -10, ¶¶ 40-44.) Following his re-detention, Petitioner was served with a new Notice to Appear charging removability under INA § 212(a)(6)(A)(i). (Doc. 1 at 14, ¶ 61; Doc. 1-1 at 63-66, Exh. K.) Petitioner is detained at Mesa Verde ICE Processing Center in Bakersfield, California. (Doc. 1 at 4.)

On July 15, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting the following claims: (1) violation of the Fourth Amendment, (2) violation of U.S.C. § 1226(a), (3) violation of procedural due process based on re-detention without a bond hearing and failure to consider less restrictive alternations, (4) violation of due process due to initial custody determinations premised on inaccurate DHS documentation.[2] (Doc. 1 at 21-24.) Petitioner requests immediate release or, in the alternative, for the Court to order a bond hearing before an immigration judge conducted pursuant to § 1226(a). (*Id*. at 25)

## III. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 22.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings,

[2] Given that Petitioner's due process claim based on his re-detention without a bond hearing serves as the basis for relief, the Court declines to address Petitioner's additional claims. To the extent Petitioner lodges evidentiary objections regarding the accuracy and reliability of the Form I-213 submitted by Respondents in response to his habeas petition, the Court declines to rule on such objections given that its basis for ordering a bond hearing rest entirely on Petitioner's pending criminal charge, which is not disputed in the record. *See Serrano De Leon v. Wofford*, No. 1:25-CV-01867-JLT-EPG, 2026 WL 1758383, at *2 (E.D. Cal. June 18, 2026) (declining to rule on a request to exclude portions of a deportation officer's declaration when the Court did not rely on the declaration in making a determination to order a bond hearing).

adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## IV. DISCUSSION

### A. Detention Authority Under § 1225(b)(2)

Respondents argue that as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2), Petitioner's detention is therefore "mandatory." (*See* Doc. 10 at 1-2.) Respondents offer little to rebut Petitioner's due process claim and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention under without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

Considering Petitioner's pending hit and run charge, the Court finds that the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk. *See Singh v. Andrews*, No. 1:26-CV-02227-JLT-FJS, 2026 WL 912908, at *2 (E.D. Cal. Apr. 2, 2026) (granting petition for habeas corpus and ordering a substantive bond hearing based on an arrest for felony hit and run causing death or injury in violation of California Vehicle Code § 20001(a)). For the foregoing reasons, the

Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.
2. The motion for temporary restraining order, (Doc. 2), is **DENIED** as **MOOT**.
3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner;
4. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.
5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.
6. The Clerk of Court is directed to serve the Mesa Verde ICE Processing Center in Bakersfield, California with a copy of this Order.

///

7. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: _July 29, 2026_

UNITED STATES DISTRICT JUDGE